[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11622

Non-Argument Calendar

_____

EVERARDO NAVARRETE ALVAREZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-810-016

_____

_____

No. 23-13286

Non-Argument Calendar

_____

EVERARDO NAVARRETE ALVAREZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-810-016

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Everardo Navarrete Alvarez, a native of Mexico, petitions for review of the order of the Board of Immigration Appeals

affirming the denial of his application for cancellation of removal. 8 U.S.C. § 1229b(b). He argues that the immigration judge erred when it applied the standard of exceptional and extremely unusual hardship to the undisputed facts of his case and violated his right to due process by considering his qualifying relatives as of the date of its decision, despite our precedent upholding this practice. *See Diaz-Arellano v. U.S. Att'y Gen.*, 120 F.4th 722, 725 (11th Cir. 2024) (holding that the statute requires a noncitizen to "have a qualifying relative when the immigration court finalizes its decision on the application for cancellation of removal"). He also argues that the immigration judge violated due process by considering his arrest report when making a discretionary determination to deny his application. He also petitions for review of the denial of his motion to reconsider as a violation of due process. We dismiss the petitions.

We review the decision of the Board, except to the extent that the Board expressly adopted or agreed with the immigration judge's decision. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021). We review our subject-matter jurisdiction *de novo*. *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1217 (11th Cir. 2023).

Ordinarily, we lack jurisdiction to review any judgment regarding the granting of relief under the cancellation of removal statute. *See* 8 U.S.C. §§ 1229b, 1252(a)(2)(B)(i). If an immigration judge "decides a noncitizen is [statutorily] eligible for cancellation of removal . . . [the] discretionary determination on whether or not to grant cancellation of removal in the particular case is not

reviewable as a question of law." *Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024) (emphasis omitted). But we retain jurisdiction to the extent that the petitioner raises a constitutional claim or question of law. *Ponce Flores*, 64 F.4th at 1217. To be reviewable, a legal or constitutional claim must be "colorable" such that it has "some possible validity." *Id.* (citation and internal quotation marks omitted). "Where a constitutional claim has no merit, we do not have jurisdiction." *Id.* (citation and internal quotation marks omitted, alterations adopted).

We lack jurisdiction to review Navarrete Alvarez's petitions. The Board expressly adopted and affirmed the immigration judge's decision denying his application for cancellation of removal. Although Navarrete Alvarez argues that the immigration judge did not make a discretionary determination, the immigration judge explained that Navarrete Alvarez was required to prove he "warrant[ed] such relief as a matter of discretion" and found that "significant adverse factors . . . cut against his desirability as a permanent resident" after ruling that he was also statutorily ineligible. We lack jurisdiction to review any challenge to the immigration judge's discretionary decision to deny his application for cancellation of removal. *See Wilkinson*, 601 U.S. at 225 n.4.

Navarrete Alvarez also does not raise a colorable constitutional challenge to that discretionary determination. *See Ponce Flores*, 64 F.4th at 1217. He argues he was deprived of due process because the immigration judge considered his arrest report, but he "does not have a constitutionally protected liberty interest in

obtaining cancellation of removal." *Id.* at 1219. Because his due process challenge is meritless, we lack jurisdiction to review his challenge to the immigration judge's discretionary determination. *See id.* at 1217.

We need not consider Navarrete Alvarez's challenges to his statutory eligibility. A noncitizen must be statutorily eligible and merit a favorable exercise of discretion to receive relief from removal. 8 U.S.C. § 1229a(c)(4)(A). "[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Because the immigration judge's alternative discretionary determination is dispositive for his application for cancellation of removal, we need not review the immigration judge's determination that Navarrete Alvarez was statutorily ineligible.

We also lack jurisdiction to consider Navarrete Alvarez's petition challenging the denial of his motion to reconsider. When review of an underlying order is barred under section 1252(a)(2)(B)(i), except to the extent that the petitioner raises a colorable constitutional claim or question of law, we similarly lack jurisdiction to consider an attack on that order by means of a motion to reopen or reconsider. *See Ponce Flores*, 64 F.4th at 1223–24. Navarrete Alvarez's due process claims are not colorable because he has no "constitutionally protected liberty interest in the granting of a motion to [reconsider]." *Id.* at 1224.

We **DISMISS** the petitions for review.